IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 APR 13 AM 8:2
U.S. DISTRICT COURT
N.D OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ] ] ] |
| Plaintiff, | ] Civil Action No.: 00- S - 2605 - S |
| and | ] ] |
| LESLIE MEADOR | ] ] |
| Plaintiff-Intervener | ] ] |
| vs. | ] ] |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ] ] ] |
| Defendant. | ] |

ENTERED
APR 13 2001

## CONSENT DECREE

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq. guarantees protected workers that they will be free from employment discrimination on the basis of race, sex, religion, national origin and color.

On September 15, 2000, the Equal Employment Opportunity Commission ("EEOC") filed this action under Title VII of the Civil Rights Act of 1964, as amended, (Title VII), and Title I of the Civil Rights Act of 1991, (CRA 1991). The EEOC's Complaint alleged that the Defendant failed to promote Ms. Leslie Meador because of her sex, female, in violation of Title VII. Ms. Meador intervened in this action, alleging, *inter alia*, that Defendant failed to promote her because of her sex. The Defendant has denied the discrimination alleged and has set forth in its answer and in its

826389.1                    1

position statement in response to the Charging Party's charge how, *inter alia*, that Ms. Meador lacks the qualifications necessary for the promotion. EMC affirmatively states that Meador has been treated lawfully in all respects.

The Equal Employment Opportunity Commission (EEOC), Leslie Meador (Meador) and Employers Mutual Casualty Company (EMC) being aware of the risks, uncertainties and costs of continued litigation are now desirous of resolving the aforesaid lawsuit through this Consent Decree, which also resolves the Charge of Discrimination filed by Leslie Meador numbered 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.

The Court being fully advised of the premises doth Order, Adjudge and Decree as follows:

## SPECIFIC PROVISIONS

A. This Court has full jurisdiction to decide this controversy as to the EEOC, Meador and EMC. This Court will retain jurisdiction either for the next four (4) months so that any dispute arising out of the administration of this Decree can be resolved pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 114 S.Ct. 1673 (1994), or until EMC certifies that the payment and training required hereunder have been completed, whichever is sooner, as requested in Paragraphs E and G.

B. Nothing herein shall be deemed to be an admission by EMC that it has at any time, place or in any manner whatsoever, violated Title VII of the Civil Rights Act of 1964, as amended.

C. This Decree, being entered into with the consent of the EEOC, Meador and EMC, shall not constitute an adjudication or finding on the merits of the claims.

D. The issues resolved by this Decree are those which were alleged in the Charge of Discrimination numbered 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 and those which were raised in the above styled Complaints.

E. In monetary consideration for the claims of Leslie Meador, EMC will pay an amount of compensatory damages to Leslie Meador and her attorney that shall be specified by a separate agreement which is to be filed with the Court under seal, and which cannot be unsealed unless necessary to enforce its terms. Leslie Meador will be required as a condition of receipt of any monetary payment to sign a Release as agreed upon by her counsel and EMC's counsel. The check(s) will be made payable to Leslie Meador and her attorney and will be forwarded to her attorney by certified mail within twenty-one (21) days after EMC receives the original and fully executed copy of the signed Release referred to above. Within thirty (30) days after EMC receives the original signed Release, (1) a copy of the checks and (2) documentation of issuance and receipt of the checks will be mailed to Mason D. Barrett, Senior Trial Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Birmingham, Alabama 35205.

F. EMC agrees to pay the Mediator all fees in association with the mediation of this case.

G. Within sixty (60) days of the date of this Decree EMC will provide training on the prevention of sex discrimination in the workplace to its Birmingham branch management employees as well as to those employees who have responsibilities concerning hiring, promotion, and discharge. This training shall consist of one forty-five-minute session. EMC shall use qualified persons to conduct the training. EMC, may, but is not required to, use training conducted by the EEOC under its Employer Specific Training program. If EMC elects to utilize the services of the EEOC Employer Specific Training program, EMC agrees to cooperate with the EEOC in selecting an appropriate date and location for this training. The employees who attend the training sessions will be required to sign an attendance roster. Unless EMC utilizes the Employer Specific Training program offered by

the EEOC, EMC will notify the EEOC of the training date at least one week prior to the scheduled training. The EEOC also has the right to send a representative to observe the training. The EEOC will not participate in the training unless it is requested by EMC to do so. EMC shall send a copy of said roster(s) and an outline of the training course to Mason D. Barrett within 30 days of the session.

  H. As a condition of EMC's performance of its obligations under this decree, Leslie Meador shall execute a separate document (1) agreeing never to apply for a Claims Manager position or its equivalent with EMC in Birmingham, and (2) releasing all claims that she has or may have against EMC. The EEOC is not a party to this agreement and neither sanctions nor approves of this limitation upon Ms. Meador's future employment opportunities at EMC.

  I. EMC shall immediately post the Notice attached hereto as "Exhibit A" in a prominent and conspicuous place visible to all employees at its Birmingham, Alabama location.

  J. EMC shall raise Leslie Meador's salary by an amount to be specified in a separate agreement. The specific amount of the annual salary will be set forth in a separate agreement executed by Ms. Meador and EMC. EMC shall accelerate Ms. Meador's anniversary date to March instead of August, so that she will be eligible for her next raise in March 2002 instead of August 2002. EMC agrees that Ms. Meador shall remain eligible for standard merit increases throughout the duration of her employment at EMC based upon EMC's good faith judgment of her performance. This provision shall not guarantee Ms. Meador a merit increase at any time.

  K. Other than those payments expressly referenced herein, no further payment of any kind shall be due from EMC to Ms. Meador, and each party shall bear her or its own attorney's fees, costs and expenses.

L.  For the duration of this decree, EMC shall not engage in any unlawful retaliation against Ms. Meador in violation of 42 U.S.C. §2000e-3, which shall provide the sole and exclusive remedy for violation of this subpart L.

M.  EMC shall be subject to no obligation in connection with the resolution of this matter other than as expressly set forth herein, and this decree confers no rights on Leslie Meador other than expressly set forth herein. Leslie Meador acknowledges that she is an employee at will and this Consent Decree and Settlement Agreement in no way changes her status as an employee at will.

N.  No press release shall be issued concerning this decree nor any aspect of this settlement. The parties understand that the EEOC is not bound by any confidentiality provision concerning the resolution of this case and that this Consent Decree and the terms of the Settlement Agreement entered into between Ms. Meador and EMC shall not be considered confidential as to the Commission. The parties understand that the Commission is free to comment, if asked, on all aspects of this Consent Decree and the Settlement Agreement.

DONE THIS __12th__ DAY OF __April__, 2001.

_____
UNITED STATES DISTRICT JUDGE

**BY CONSENT:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:
Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

Charles E. Guerrier
Regional Attorney

Jill L. Vincent
Supervisory Trial Attorney

Mason D. Barrett
Senior Trial Attorney


**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Suite 2000
Birmingham, Alabama 35205
Telephone: (205) 731-1039

**For Leslie Meador:**

C. Michael Quinn
Kyle Smith
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203

826389.1                                                    6

ForEMC:

_____
J. Fred Ingram
John J. Coleman, III
Marcel L. Debruge
BURR & FORMAN LLP
P.O. Box 830719
Birmingham, AL 35283-0719

## **N O T I C E**

## **AS REQUIRED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

Employers Mutual Casualty Company (EMC) agrees to the following:

1. Federal law requires that there be no discrimination against any employee or applicant for employment, because of such person's sex (gender).

2. EMC will comply with such federal laws in all respects and will not discriminate against any employee because of the person's sex (gender).

3. EMC affirms that it is unlawful for an employer to discriminate against an employee based on sex (gender). It further affirms that it is unlawful for an employer to in any manner retaliate against any individual who opposes or assists one in opposing sex discrimination.

Signed this _____ day of _____, 2001.

_____
**FOR EMPLOYERS MUTUAL CASUALTY COMPANY**

**Exhibit A**